*e-filed 5/29/07*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

FELIX TORRES, JR.,

    Plaintiff,

v.

THE CITY OF LAGUNA NIGUEL, et al.,

    Defendants.

NO. C 07-00983 RS

**ORDER GRANTING MOTION TO TRANSFER AND DENYING MOTION TO DISMISS**

## I. INTRODUCTION

Plaintiff Felix Torres, Jr. asserts various federal and state law claims arising from defendants' alleged conduct in preventing him from sleeping overnight in his vehicle in a Wal-Mart parking lot in the City of Laguna Nigel. There is no dispute that defendants are all located in the Central District of California and that the events giving rise to the claims took place there. The complaint recognizes that venue ordinarily would not be proper in this District, but attempts to justify the filing here on grounds that the local rules of the Central District purportedly do not allow litigants to use a post office box address and that Torres would be "subject to arrest" were he to return to Orange County and sleep in his vehicle. Complaint para. 3. n. 2. The complaint suggests that Torres will seek a change of venue and a "waiver of the local rule" once he, "secures a TRO" in this venue. *Id.*

The City of Laguna Niguel and its City Council now move to dismiss for improper venue, or to transfer this action to the Central District. In opposition, Torres argues this is a "very unique

1

case" and that the Court should effect a transfer for "convenience" of the action to this district under 28 U.S.C. § 1404 (a).

The Court finds this matter suitable for disposition without oral argument pursuant to Civil Local Rule 7-1 (b). The motion to dismiss is DENIED and the motion to transfer is GRANTED. There is no dispute that venue was not proper in this District in the first instance, and Torres's novel suggestion that a proposed *transferee* court has jurisdiction to order a transfer under 28 U.S.C. § 1404 (a) is without merit. The interests of justice, however, favor transfer over dismissal.

## II.  DISCUSSION

A.  Service Issues

The Court granted Torres's application to proceed *in forma pauperis* and to have service effected by the United States Marshal, notwithstanding the obvious venue defect, in light of authority that venue objections may be *waived. See, e.g., Costlow v. Weeks*, 790 F.2d 1486, (9th Cir. 1986) (approving trial court raising venue issue *sua sponte*, but only upon notice to defendants.) In his opposition to this motion, Torres complains that not all defendants appear to have been served. That complaint has no relevance to the issues presented by this motion. Even assuming other, unserved, defendants *would* waive the venue objections, the moving parties have not done so, and that is sufficient grounds to grant the motion. To the extent that Torres may be attempting to argue that unserved parties have not consented to the jurisdiction of a magistrate judge to decide this motion, any such argument is without merit. Unserved defendants are not deemed to be "parties" to the action within the rules requiring consent. See *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss prison inmate's action under 42 U.S.C. § 1983 as frivolous without consent of defendants because defendants had not been served yet and therefore were not parties); see also *United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1998) (holding that magistrate judge had jurisdiction to enter default judgment in *in rem* forfeiture action even though property owner had not consented because 28 U.S.C. § 636(c)(1) only requires the consent of the parties and the property owner, having failed to comply with applicable filing requirements, was not a party).

2

B. <u>Venue Rules</u>.

There is no dispute that *all* defendants reside in, or are political entities located in, the Central District.  There is no dispute that the events giving rise to Torres's claim occurred in the Central District.  There is no dispute that 28 U.S.C. § 1391 (b) is the governing venue statute here, and that it provides, in relevant part:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . .

Accordingly, venue of this action lies in the Central District, not here. Torres's suggestion that he is precluded by local rule of the Central District from filing an action unless he has an address other than a post office box is insufficient to override the statutory venue rules.  Relief from any such rule should be sought from the Central District, not by simply filing in an improper district. Likewise, Torres's stated concern that he would be "subject to arrest" were he to return to Orange County to sleep in his car is not a basis to allow him to pursue litigation in an improper venue. Finally, Torres's suggestion that a proposed *transferee* court has jurisdiction to order a transfer for "convenience" under 28 U.S.C. § 1404 (a) is unsupported by any precedent or principle of law.

As defendants recognize, however, the filing of a case in an improper venue does not automatically justify outright dismissal.  Rather, as provided in 28 U.S.C. § 1406, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  Here, it appears that it would be in the interests of justice to transfer this action, and defendants offer no argument to the contrary.  Accordingly, defendants' motion will be granted, but only insofar as the motion sought a transfer, rather than dismissal.

3

### III. CONCLUSION

For the reasons stated above, defendants' motion to dismiss is denied, but their motion to transfer is granted. This action is hereby transferred to the United States District Court for the Central District of California.

IT IS SO ORDERED.

Dated: May 29, 2007

RICHARD SEEBORG
United States Magistrate Judge

ORDER GRANTING MOTION TO TRANSFER
C C 07-00983 RS

4

**THIS IS TO CERTIFY THAT A COPY OF THIS ORDER WAS MAILED TO:**

Albert Paul Ballog, Esq.
Sullivan & Ballog
400 North Tustin Avenue, #475
Santa Ana, CA 92705

Felix Torres, Jr
Attorney at Law
P.O. Box 8065
Laguna Hills, CA 92654

Dated: May 29, 2007

        /s/ BAK
Chambers of Magistrate Judge Richard Seeborg

ORDER GRANTING MOTION TO TRANSFER
C C 07-00983 RS

5